# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Don Smith v. Lori Avalos, et al.

**Case Number:** 04-01233

### Document Information

**Description:** Memorandum Opinion re: [8-1] Motion For Summary Judgment by Plaintiff Don Smith .

**Received on:** 2005-12-13 12:06:29.000

**Date Filed:** 2005-12-13 00:00:00.000

**Date Entered On Docket:** 2005-12-13 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  LORI AVALOS and  No. 7-04-16176 MF
        JOE AVALOS,

        Debtors.
_____

DON SMITH,

        Plaintiff,

v.  Adv. No. 04-1233 M

LORI AVALOS,

        Defendant.

## MEMORANDUM

THIS MATTER is before the Court on the Motion for Summary Judgment filed by Plaintiff, Don Smith, by and through his attorney of record, Zachary Cook. Also before the Court is the Defendant's Motion to Dismiss. At the final hearing on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss, the Court permitted Defendant Lori Avalos to supplement her Motion to Dismiss with a letter, and allowed Plaintiff time within which to file a response to the supplement. Plaintiff filed his response to Defendant's supplemental letter on August 23, 2005. Having reviewed Plaintiff's Motion for Summary Judgment, the Court finds that the judgment obtained by the Plaintiff in state court precludes re-litigation of the issues before this Court and satisfies the requirements for finding the debt at issue non-dischargeable under 11 U.S.C. § 523(a)(6). The Court will, therefore, grant Plaintiff's Motion for Summary Judgment and deny Defendant's request to dismiss this adversary

1

proceeding.

## DISCUSSION

Plaintiff filed a Complaint Objecting to Dischargeability of Debt ("Complaint") under 11 U.S.C. § 523(a)(6). The basis of Plaintiff's complaint is a judgment obtained against Defendant Lori Avalos in the Twelfth Judicial District Court, County of Lincoln, State of New Mexico entered in Case No. CV-00-216 on February 21, 2003 ("State Court Judgment"). The State Court Judgment awarded Plaintiff his taxable costs of suit, damages for loss of business in the amount of $5,000.00, and punitive damages in the amount of $7,500.00 based on a finding of Defendant's "willful and reckless disregard of the truth of the matter giving rise to Plaintiff's claim on the part of the Defendant with no lawful authority or purpose to defame Plaintiff and a lack of remorse sufficient to award punitive damages." *See* Exhibit A, attached to the Motion for Summary Judgment. Plaintiff asserts that the State Court Judgment determines that the debt represented thereby was the result of Defendant's willful and malicious injury, rendering the debt non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

Defendant's Motion to Dismiss, and the supplement thereto, recite the events that led up to the state court proceeding, allege that the State Court Judgment was obtained by default and that she had inadequate representation in the state court proceeding, and request that the adversary proceeding be dismissed because Defendant believed that she was telling the truth, and that truth was a defense to the claims for defamation filed against her in the state court proceeding. Finally, Defendant requests dismissal of this adversary proceeding because declaring the judgment non-dischargeable will prevent her from recovering from her financial troubles.

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to

2

bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056.  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.   Principles of collateral estoppel apply to actions for non-dischargeability of debt filed in connection with bankruptcy proceedings, provided the standard of proof and the elements of the cause of action are identical to those required for non-dischargeability under the Bankruptcy Code.  *Grogan v. Garner,* 498 U.S. 279, 284-85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991).  The standard of proof required for non-dischargeability actions is the preponderance of evidence.  *Id.* at 291; *In re Edie,* 314 B.R. 6, 14 (Bankr.D.Utah 2004) (standard of proof for a non-dischargeability action brought under 11 U.S.C. 523(a)(6) is the preponderance of evidence) (citing *Grogan,* 498 U.S. at 291).   Here, Plaintiff asserts that the State Court Judgment is sufficient to grant summary judgment, implicating the application of collateral estoppel.    Collateral estoppel has been applied to grant summary judgment in non-dischargeability actions premised upon a state court judgment for defamation.  *See, e.g., In re Warren,* 204 B.R. 66 (Bankr.N.D.Okla. 1996) and *In re Cline,* 227 B.R. 828 (Bankr.S.D.Ind. 1998).

In applying collateral estoppel principles to state court judgments, a federal court must apply the state law governing collateral estoppel for the state where the judgment was rendered.  *In re Shore,* 317 B.R. 536, 541 (10th Cir. BAP 2004) (citing  *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 174 (1985) (holding that unless an exception to the Full Faith and Credit Statute applies, state law  will determine the preclusive effect of a prior state court judgment in cases exclusively within federal jurisdiction)). In New Mexico, the elements of collateral

estoppel are: "(1) the party to be estopped was a party [or privy] to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation." *Rex, Inc. v. Manufactured Hous. Comm.* 119 N.M. 500, 504, 892 P.2d 947, 951 (1995) (citation omitted). Once these elements are met, the Court must also "determine whether the non-moving party 'had a full and fair opportunity to litigate the issue in prior litigation.'" *Id.* (quoting *Shovelin v. Central New Mexico Electric Cooperative, Inc.,* 115 N.M. 293, 297, 850 P.2d 996,1000 (1993)). These elements have all been satisfied. Plaintiff and Defendant were parties to the state court proceeding; this adversary proceeding is a different action than the state court proceeding; Plaintiff and Defendant litigated the issue of defamation, including damages, as part of the state court proceeding; and the issue of whether Defendant defamed Plaintiff was necessarily determined by the State Court Judgment entered against her.

Although Defendant complains that her attorney failed to represent her adequately, and that the State Court Judgment was obtained by default, the State Court Judgment plainly states that the matter came on for trial, and that Defendant appeared and was represented by counsel. *See* Exhibit A to Motion for Summary Judgment. Thus, the State Court Judgment was not obtained by default, and the Court cannot conclude that the Defendant was not afforded a full and fair opportunity to litigate. If Defendant was dissatisfied with the outcome of the state court proceeding, she could have pursued her right to appeal. If Defendant was dissatisfied with the representation she received from her attorney in the state court proceeding, she could have taken some other action. The question remains, however, whether the elements necessary for the state court to enter judgment against Defendant based on a

4

claim for defamation are sufficient to sustain a claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(6). *Grogan v. Garner,* 498 U.S. 279, 284-85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) (collateral estoppel applies to non-dischargeability matters only if the elements and the standard of proof established in the prior action are equivalent to the requirements under the non-dischargeability statute). *See also In re Ellerbee,* 177 B.R. 731, 737 (Bankr.N.D.Ga. 1995) (finding that the definition of "actual malice" under Georgia law governing defamation was not the equivalent to the definition of "willful and malicious" under 11 U.S.C. § 523(a)(6)).

Pursuant to 11 U.S.C. § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" cannot be discharged through bankruptcy. 11 U.S.C. § 523(a)(6). In order for a debt to be declared non-dischargeable under 11 U.S.C. § 523(a)(6), the debtor must have acted both willfully and maliciously. *Panalis v. Moore, (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004) (nondishargeability under § 523(a)(6) requires proof of both a "willful act" and "malicious injury."); *In re Gagle,* 230 B.R. 174, 179 (Bankr.D.Utah 1999) ("Because they are distinct elements, . . . [Plaintiff] must establish that the Debtors' conduct was both willful and malicious.")(citation omitted). Willfulness requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (emphasis in original). Malice, which is a separate and distinct requirement under 11 U.S.C. § 523(a)(6), requires a showing that the debtor acted "without justification or excuse." *Gagle,* 230 B.R. at 181. *See also In re Tinkler,* 311 B.R. 869, 880 (Bankr.D.Colo. 2004) (malice requires a showing of a wrongful, intentional act taken without just cause or excuse) (relying on *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)); *In re*

5

*Cline,* 227 B.R. at 830 ("an act is 'malicious' if it is done 'in conscious disregard of one's duties or without just cause.'") (quoting *Matter of Thirtyacre,* 36 F.3d 697, 700 (7th Cir. 1994) (quoting *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir. 1986)).

Under New Mexico law, the elements of an action for defamation are: "a defamatory communication, published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff, and proximately causing actual injury to the plaintiff." *Newberry v. Allied Stores, Inc.,* 108 N.M. 424, 429, 773 P.2d 1231, 1236 (1989) (citing SCRA 1986, 13-1002). Punitive damages are warranted when there has been a showing that the publication was made with actual malice. *Id.* at 430 (citing *Marchiondo v. Brown,* 98 NM 394, 403, 649 P.2d 462, 471 (1982)). Actual malice "requires proof by clear and convincing evidence that publication of the communication by the defendant was made with knowledge of its falsity or with reckless disregard of the truth." *Id.*

The State Court Judgment includes the following findings:

> THE COURT FINDS the Plaintiff did establish damages for loss of business in the amount of $5,000.00 and the Plaintiff failed to establish damages to reputation or for emotional distress by the preponderance of the evidence.
>
> THE COURT FINDS the testimony and evidence in this case evidences a willful and reckless disregard of the truth of the matter giving rise to Plaintiff's claim on the part of Defendant with no lawful authority or purpose to defame Plaintiff and a lack of remorse sufficient to award punitive damages.
>
> THE COURT FINDS the actions of Defendant support an award of punitive damages in the amount of $7,500.00.

There is no question that Defendant intended the act which caused the harm, nor does Defendant deny in her Motion to Dismiss that she made the statements which formed the basis of Plaintiff's defamation claim. The sticking point for the Plaintiff's claim of non-dischargeability under 11 U.S.C. § 523(a)(6)

6

is whether the findings in State Court Judgment satisfy the second inquiry relevant to the willfulness requirement: that Defendant intended the harm. In *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir. 1986), the Sixth Circuit held that where a defamation claim can be satisfied by a showing of reckless disregard for the truth *or* knowledge that the statement is false, a judgment or verdict finding the defendant liable for defamation is insufficient to sustain a claim under 11 U.S.C. § 523(a)(6). *See also, In re Kennedy,* 243 B.R. 1, 9 (Bankr.W.D.Ky. 1997) (concluding that because a defamation claim could be sustained under applicable Michigan law upon a finding of fault "at least amounting to negligence" the intent requirement under § 523(a)(6) was not satisfied). The *Wheeler* court reached this result by reasoning that a mere reckless disregard of the truth is insufficient to show willfulness. *Wheeler,* 783 F.2d at 615. *See also, Ellerbee,* 177 B.R. at 739 ("'Willful means intentional or deliberate and can not be established merely by applying a recklessness standard.'") (quoting *Lee v. Ikner (In re Ikner),* 883 F.2d 986, 989 (11th Cir. 1989)).

     Malice, on the other hand, "does not require ill-will or specific intent to do harm" and is satisfied upon a showing of "conscious disregard of one's duties or without just cause or excuse." *Wheeler,* 783 F.2d at 615 (citing *Tinker,* 193 U.S. at 486, 24 S.Ct. at 508) (remaining citations omitted). *See also Ellerbee,* 177 B.R. at 739 ("Malicious means 'wrongful and without just cause or excessive [sic.] even in the absence of personal hatred, spite or ill-will.") (quoting *Sunco Sales, Inc., v. Latch (In re Latch),* 820 F.2d 1163, 1164 n.4 (11th Cir. 1987)). In this case, the finding included as part of the State Court Judgment that Defendant acted "with no lawful purpose" is equivalent to finding that Defendant acted "without just cause or excuse" and, therefore, satisfies the malice requirement under 11 U.S.C. § 523(a)(6).

7

The State Court Judgment also contains a finding that Defendant acted with "willful and reckless disregard for the truth of the matter giving rise to Plaintiff's claim . . . and a lack of remorse sufficient to award punitive damages." This finding is sufficient to show that the Defendant acted with the requisite intent to harm. Not only did the state court find that she acted with a *reckless* disregard for the truth, it also found that she acted with a *willful* disregard for the truth. By willfully disregarding the truth, the Court can infer that she intended to cause harm. As noted by the court in *Ellerbee,*

> The juxtaposition of "willful" and reckless" permits the easy assumption that what is reckless cannot be willful . . . . Ironically, . . . in the case of the tort of defamation, an injury may be willful even though the speaker's attitude toward the truth is merely reckless.

177 B.R. at 742.[1]

In *Ellerbee,* because the debtor intended harm by making the statements for the purpose of wanting to strike back at his employer and to have him removed from his position, the Court found that whether the statements debtor made were true or false, the debtor knew they would lead to injury; thus, even though the debtor may have been reckless about the truth, he was nevertheless deliberate about causing the harm. *Id.* Here, although Defendant's Motion to Dismiss asserts that she thought her statements were true, and that truth is a defense to defamation, the Motion to Dismiss also states that she made the

---

[1]*Ellerbee* held that a state court judgment for defamation did not collaterally estop debtor from contesting dischargeability under 11 U.S.C. § 523(a)(6) because the definition for "actual malice" under applicable state law governing defamation was not equivalent to the "willful and malicious" standard in 11 U.S.C. § 523(a)(6) and because the jury did not make a specific finding concerning the willful nature of the debtor's conduct, but nevertheless granted summary judgment in favor of the creditor because defendant admitted that he published the defamatory statements for the purpose of striking back at his employer, evidencing the requisite intent to harm necessary under 11 U.S.C. § 523(a)(6). 177 B.R. at 737 and 742

8

statements because "most of the members of the Fire Dept. wanted to do something to fight back" and that she had "had enough of [Plaintiff's] harassment . . . and just wanted him to stop." *See* Motion to Dismiss, p. 2; Supplement, p. 3.   These statements indicate that Defendant intended her statements to cause Plaintiff harm.  Thus, because the State Court Judgment includes a finding of both willfulness and recklessness with regard to whether her statements were true, and because Defendant admits that she made the statements to fight back at the Plaintiff, the Court concludes that Plaintiff has satisfied the second prong of the willfulness requirement necessary for a determination of non-dischargeability under 11 U.S.C. § 523(a)(6).

Based on the foregoing, the Court finds that summary judgment on Plaintiff's claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(6) is appropriate.  the Court will enter an order in accordance with this Memorandum granting summary judgment in favor of Plaintiff.  Defendant's Motion to Dismiss is denied.

_____
MARK B. McFEELEY
United States Bankruptcy Court

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Zachary Cook
Attorney for Plaintiff
1221 Mechem Ste 5
Ruidoso,  NM  88345 -7224

9

Lori Avalos
#56 CR 2770
Aztec, NM 87410

_____
Patti G. Hennessy
Law Clerk
(505) 348-2525

10